UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDITH MAZZAFERRI,

    Plaintiff,

    v.

PAUL DEN BESTE, et al.,

    Defendants.

_____/

No. C 12-0992 PJH

**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING DATE**

    Before the court is the motion of plaintiff Edith Mazzaferri ("plaintiff" or "Mazzaferri") for an order remanding the above-entitled action to the Superior Court of California, County of San Francisco. The court finds that the motion must be GRANTED.

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

    Subject matter jurisdiction is fundamental and cannot be waived. See Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate - those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden

of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The court's task in assessing subject matter jurisdiction is made impossible here by the fact that defendants have failed to submit a copy of the underlying state court complaint with their Notice of Removal. After receipt of plaintiff's motion to remand, the court issued an order on April 19, 2012, continuing the hearing date on plaintiff's motion, setting a briefing schedule in connection therewith, and specifically instructing plaintiff to "show cause why the court should not remand the matter to the Superior Court for the County of San Francisco, for failure to serve a timely notice of removal with operative complaint attached (from which the court could ascertain subject matter jurisdiction), and/or for lack of subject matter jurisdiction." See April 19, 2012 Order at 2. Notwithstanding this explicit instruction, defendants' opposition papers filed with the court on May 2 and May 3, 2012 fail to specifically include the operative underlying complaint.

Defendants' opposition papers are in large part incoherent and non-sensical. The court understands defendants to argue that such deficiency is not "fatal" to defendants' removal, and furthermore, that certain bankruptcy claims and/or actions are related to the instant action, such that the underlying state court action is preempted and/or "eclipsed" and such that federal jurisdiction results. See Def. Opp. Br. at 3-5. Defendants also appear to rely on certain pleadings submitted in support of their notice of removal, including a motion for sanctions filed in the underlying state court action.

The lack of clarity exhibited in defendants' opposition papers makes the need for the operative pleading all the more important, and the deficiency in defendants' removal notice all the more glaring. The court must assess subject matter jurisdiction based upon the claims asserted in the operative complaint – not claims asserted in a counterclaim or in other related proceedings – and absent either the complaint itself *or* an adequate

description of such claims provided by defendants, such a task is rendered impossible.

The likelihood of subject matter jurisdiction being present, moreover, is low. As plaintiff's counsel avers in a declaration filed in support of plaintiff's motion to remand, the operative state court complaint is a Verified Amended Complaint filed on or about September 29, 2010, in which only state law claims are alleged, thereby precluding federal question jurisdiction. See Declaration of Alec Harrington ISO Mot. Remand ("Harrington Decl."), ¶ 4. Furthermore, plaintiff points out that both she and four of the five defendants are California citizens, thereby also precluding any reliance on diversity jurisdiction. In addition to these issues, plaintiff notes that defendants had until December 4, 2010 at the latest (or December 14, 2010 at the latest, if removal were to be based on any bankruptcy filing by defendant Den Beste) to remove the Verified Amended Complaint. Whether December 4 or December 14, however, defendants' February 2012 filing of a notice of removal is untimely.

In sum, defendants have failed to discharge their burden in establishing federal subject matter jurisdiction, for simple lack of compliance with the procedural requirement that defendants submit a copy of the underlying complaint together with their removal papers, and for failure to otherwise establish that any adequate basis for subject matter jurisdiction is present. Under 28 U.S.C. § 1447(c), the district court is required to remand state law claims where the court lacks removal jurisdiction. See Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003); Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992)(federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

Accordingly, as the court lacks subject matter jurisdiction, it is ORDERED that this case be remanded to the San Francisco County Superior Court. Plaintiff's request for fees and costs is DENIED.

To the extent that defendants have submitted, in connection with the various defendants' joinders in the opposition to the motion to remand, a document asserting the

disqualification of plaintiff's attorney Russell Stanaland and his entire firm, the court finds no basis in that document to disqualify plaintiff's counsel from litigating the present motion to remand.

The hearing date set for May 23, 2012 is furthermore VACATED.

**IT IS SO ORDERED.**

Dated: May 15, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge