**United States District Court**
For the Northern District of California

1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5

6

7 EDITH MAZZAFERRI,

8         Plaintiff,                No. C 12-0992 PJH

9     v.                          **ORDER GRANTING MOTION**
**TO REMAND AND VACATING**
10 PAUL DEN BESTE, et al.,        **HEARING DATE**

11         Defendants.

12 _____/

13       Before the court is the motion of plaintiff Edith Mazzaferri ("plaintiff" or "Mazzaferri")

14 for an order remanding the above-entitled action to the Superior Court of California, County

15 of San Francisco.  The court finds that the motion must be GRANTED.

16       A defendant may remove a civil action filed in state court if the action could have

17 originally been filed in federal court.  28 U.S.C. § 1441.  A plaintiff may seek to have a case

18 remanded to the state court from which it was removed if the district court lacks jurisdiction

19 or if there is a defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes

20 are construed restrictively, so as to limit removal jurisdiction.  See Shamrock Oil & Gas

21 Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty

22 Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in

23 favor of remanding case to state court).

24       Subject matter jurisdiction is fundamental and cannot be waived.  See Billingsly v.

25 C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those

26 cases which the Constitution and Congress authorize them to adjudicate - those involving

27 diversity of citizenship or a federal question, or those to which the United States is a party.

28 See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  The burden

**United States District Court**
For the Northern District of California

1    of establishing federal jurisdiction for purposes of removal is on the  party seeking removal.

2    Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  The district court must

3    remand the case if it appears before final judgment that the court lacks subject matter

4    jurisdiction.  28 U.S.C. § 1447(c).

5              The court's task in assessing subject matter jurisdiction is made impossible here by

6    the fact that defendants have failed to submit a copy of the underlying state court complaint

7    with their Notice of Removal.  After receipt of plaintiff's motion to remand, the court issued

8    an order on April 19, 2012, continuing the hearing date on plaintiff's motion, setting a

9    briefing schedule in connection therewith, and specifically instructing plaintiff to "show

10   cause why the court should not remand the matter to the Superior Court for the County of

11   San Francisco, for failure to serve a timely notice of removal with operative complaint

12   attached (from which the court could ascertain subject matter jurisdiction), and/or for lack of

13   subject matter jurisdiction."  See April 19, 2012 Order at 2.  Notwithstanding this explicit

14   instruction, defendants' opposition papers filed with the court on May 2 and May 3, 2012 fail

15   to specifically include the operative underlying complaint.

16             Defendants' opposition papers are in large part incoherent and non-sensical.  The

17   court understands defendants to argue that such deficiency is not "fatal" to defendants'

18   removal, and furthermore, that certain bankruptcy claims and/or actions are related to the

19   instant action, such that the underlying state court action is preempted and/or "eclipsed"

20   and such that federal jurisdiction results.  See Def. Opp. Br. at 3-5.  Defendants also

21   appear to rely on certain pleadings submitted in support of their notice of removal, including

22   a motion for sanctions filed in the underlying state court action.

23             The lack of clarity exhibited in defendants' opposition papers makes the need for the

24   operative pleading all the more important, and the deficiency in defendants' removal notice

25   all the more glaring.  The court must assess subject matter jurisdiction based upon the

26   claims asserted in the operative complaint – not claims asserted in a counterclaim or in

27   other related proceedings – and absent either the complaint itself *or* an adequate

28

2

1    description of such claims provided by defendants, such a task is rendered impossible.

2        The likelihood of subject matter jurisdiction being present, moreover, is low.  As

3    plaintiff's counsel avers in a declaration filed in support of plaintiff's motion to remand, the

4    operative state court complaint is a Verified Amended Complaint filed on or about

5    September 29, 2010, in which only state law claims are alleged, thereby precluding federal

6    question jurisdiction.  See Declaration of Alec Harrington ISO Mot. Remand ("Harrington

7    Decl."), ¶ 4.  Furthermore, plaintiff points out that both she and four of the five defendants

8    are California citizens, thereby also precluding any reliance on diversity jurisdiction.  In

9    addition to these issues, plaintiff notes that defendants had until December 4, 2010 at the

10   latest (or December 14, 2010 at the latest, if removal were to be based on any bankruptcy

11   filing by defendant Den Beste) to remove the Verified Amended Complaint.  Whether

12   December 4 or December 14, however, defendants' February 2012 filing of a notice of

13   removal is untimely.

14       In sum, defendants have failed to discharge their burden in establishing federal

15   subject matter jurisdiction, for simple lack of compliance with the procedural requirement

16   that defendants submit a copy of the underlying complaint together with their removal

17   papers, and for failure to otherwise establish that any adequate basis for subject matter

18   jurisdiction is present.  Under 28 U.S.C. § 1447(c), the district court is required to remand

19   state law claims where the court lacks removal jurisdiction.  See Albingia Versicherungs

20   A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003); Chen-Cheng Wang ex rel.

21   United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992)(federal courts have no

22   power to consider claims for which they lack subject-matter jurisdiction).

23       Accordingly, as the court lacks subject matter jurisdiction, it is ORDERED that this

24   case be remanded to the San Francisco County Superior Court.  Plaintiff's request for fees

25   and costs is DENIED.

26       To the extent that defendants have submitted, in connection with the various

27   defendants' joinders in the opposition to the motion to remand, a document asserting the

28

1   disqualification of plaintiff's attorney Russell Stanaland and his entire firm, the court finds

2   no basis in that document to disqualify plaintiff's counsel from litigating the present motion

3   to remand.

4          The hearing date set for May 23, 2012 is furthermore VACATED.

5   **IT IS SO ORDERED.**

6   Dated: May 15, 2012

7                                                              _____
                                                                PHYLLIS J. HAMILTON
8                                                               United States District Judge

United States District Court
For the Northern District of California

4